RECEIVED
IN MONROE, LA
APR 19 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NAFEESA H. NAYLOR** | **CIVIL ACTION NO. 04-1764** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CANAAN LEASING, LLC** | **MAG. JUDGE JAMES D. KIRK** |

**Ruling**

Pending before the Court are a Motion to Reinstate and Request to Reset for Jury Trial ("Motion to Reinstate")[Doc. No. 16] filed by Plaintiff Nafeesa H. Naylor ("Naylor") and a Motion to Enforce Settlement Agreement and for Sanctions ("Motion to Enforce") [Doc. No. 18] filed by Defendant Canaan Leasing, LLC ("Canaan").

For the following reasons, Canaan's Motion to Enforce is GRANTED, and Naylor's Motion to Reinstate is DENIED.

I. **Facts and Procedural History**

On August 23, 2004, Naylor filed this discrimination action against her former employer, Canaan. Naylor was employed from August 2002 to June 2003, and her job duties were primarily to flag traffic on road construction projects. Naylor alleged that beginning in December 2002 and continuing until her termination, she was subjected to sexual harassment and a sexually hostile work environment. After she complained of harassment, Naylor alleges that she was retaliatorily terminated. Naylor asserted that this Court has federal question jurisdiction over her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*

Prior to filing suit in this Court, Naylor filed a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue.

In her Complaint, Naylor demanded a trial by jury and sought declaratory and injunctive relief and damages in the form of back pay, front pay or lost future earnings, compensatory and punitive damages, and attorney's fees and costs.

The parties entered into settlement negotiations in July 2005. After continued negotiations, on August 30, 2005, Naylor's counsel, Allison Jones ("Jones"), communicated to Canaan's counsel, Sidney Lewis ("Lewis"), that Naylor had agreed to settle the case for the sum of $3,500.00. [Doc. No. 17, p. 2]. It is undisputed that the settlement value of the case was low because Naylor never reported any harassment to the Human Resources Director for Canaan, and the Human Resources Director had several conversations with Naylor in an attempt to have her return to work.

On September 3, 2005, Jones asked Lewis to forward a release to her. [Doc. No. 17, p. 3].

On September 8, 2005, Lewis emailed a release to Jones. Based on their oral settlement agreement, Lewis forwarded a $3,500.00 check to Jones on September 28, 2005. [Doc. No. 17, p. 3].

On October 3, 2005, the Court received a letter [Doc. No. 11] from Lewis advising that the matter had settled and requesting that the Court enter its standard 60-day order of administrative closure.

Consistent with the Court's practice, a 60-day order was entered on October 6, 2005. The order provides as follows:

> The Court having been advised by counsel that the above civil action has been settled,
>
> IT IS HEREBY ORDERED that the Clerk of Court administratively terminate this action, without prejudice to the right of the parties to re-open the

proceedings. All pending motions are denied as moot.

IT IS FURTHER ORDERED that within sixty (60) days of the date this Order is entered, the parties submit to the Court a Joint Stipulation of Dismissal signed by all parties who have appeared in this action, along with a proposed Judgment of Dismissal.

See October 6, 2005 electronic order. The sixty-day deadline expired on December 5, 2005.

On December 2, 2005, Naylor filed an unopposed Motion for Extension of Time to Consummate Settlement Agreement [Doc. No. 12]. Naylor's counsel indicated that "[t]he parties hereto have settled the above referenced matter," but that she had been unable to coordinate execution of the settlement documents with her client. The Court granted Naylor's motion, and the parties were given until January 4, 2006, to file their Joint Stipulation of Dismissal and proposed Judgment of Dismissal. See [Doc. No. 13].

On January 4, 2006, Naylor filed an unopposed Second Motion for Extension of Time to Consummate Settlement Agreement [Doc. No. 14]. Naylor's counsel again indicated that she had been unable to coordinate execution of the settlement documents with her client. The Court granted Naylor's motion, and the parties were given until February 3, 2006, to file their Joint Stipulation of Dismissal and proposed Judgment of Dismissal. See [Doc. No. 15].

However, on February 2, 2006, Naylor filed the instant Motion to Reinstate [Doc. No. 16]. Jones indicated in the motion only that Naylor "no longer desires to settle the above[-]referenced [matter] and therefore, would like to proceed with her right to a jury trial." [Doc. No. 16, pp. 2-3]. All discovery has been completed, and Jones has returned the settlement documents to Lewis.

On February 8, 2006, Canaan filed a Response in Opposition to Naylor's Motion to Reinstate and Request to Reset for Jury Trial and Motion to Enforce Settlement Agreement ("Response")

[Doc. No. 17]. Canaan's Response provided a detailed chronology of the settlement negotiations of the parties. [Doc. No. 17, pp. 1-3].

At the request of the Clerk of Court, on February 13, 2006, Canaan filed its Motion to Enforce as a separate document [Doc. No. 18], but incorporated the arguments contained in its Response.

On February 28, 2006, Naylor filed a Motion for Extension of Time [Doc. No. 20] asking for additional time to respond to Canaan's Motion to Enforce because Naylor and Jones had a meeting scheduled for March 2, 2006. On March 3, 2006, the extension was granted, and Naylor was ordered to respond by March 7, 2006. *See* [Doc. No. 21].

On March 7, 2006, Naylor filed a Second Motion for Extension of Time [Doc. No. 22] requesting a 2-day extension until March 9, 2006, to file a response to Canaan's Motion to Enforce. The Court granted her motion, *see* [Doc. No. 24], and Naylor's Statement with Respect to Defendant's Motion to Enforce Settlement Agreement and for Sanctions ("Statement") [Doc. No. 23] was timely filed.

## II. Analysis

Canaan states, and Naylor does not dispute, that the parties had an oral settlement agreement. Because Naylor's claims arose under Title VII, the validity and enforceability of the settlement agreement is determined by federal law. *See Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207 (5th Cir. 1981); *see also Valle v. Johnson Controls World Servs., Inc.*, 957 F. Supp. 1404, 1423 (S.D. Miss. 1996). Under federal law, a plaintiff's settlement of a Title VII claim must be entered into "voluntarily and knowingly." 662 F.2d at 1209 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n.15 (1974)). However, there is no requirement that the settlement agreement be reduced to

writing. *Id.*

An oral settlement agreement may be enforced against a plaintiff who "knowingly and voluntarily" agreed to the terms of the settlement or authorized her attorney to settle the dispute. *Id.* "If a party to a Title VII suit who has previously authorized a settlement changes [her] mind when presented with the settlement documents, **that party remains bound by the terms of the agreement**." *Id.* (emphasis added) (citations omitted).

In this case, Naylor does not dispute that the parties entered into a valid settlement agreement, nor does she allege any improper conduct on the part of Canaan or its counsel. This case is no different from *Fulgence*. In that case, the plaintiff's counsel had informed defendant's counsel that he had authority to settle pending litigation, and, after negotiations, the parties settled. However, when the plaintiff received the settlement documents, he objected to certain language contained in the agreement and refused to sign. The agreement was revised and sent to the plaintiff with a check, but the plaintiff refused to sign the agreement and returned the documents and check. The Fifth Circuit ruled that the settlement agreement was enforceable.

The Court has been presented with an undisputed version of events that indicates Jones was authorized to settle this case for $3,500.00, a reasonable amount in light of the circumstances. There is no allegation, much less evidence, that Canaan or its counsel, Lewis, engaged in fraud, coercion, or overreaching in the negotiations leading to the settlement. Jones is well-known to this Court as a competent attorney who specializes in employment discrimination matters, and there is certainly no evidence that she colluded with Lewis.

Under these circumstances, the settlement agreement is enforceable, and the Court will not reopen the case. However, the Court will not order sanctions against Naylor at this time. The Court

recognizes the inconvenience to Canaan, but there is no indication that Naylor intentionally acted in bad faith or fully understood the consequences of her actions.

**III.    Conclusion**

For the foregoing reasons, Naylor's Motion to Reinstate [Doc. No. 16] is DENIED, and Canaan's Motion to Enforce [Doc. No. 18] is GRANTED IN PART and DENIED IN PART.

MONROE, LOUISIANA, this ___19___ day of ___April___, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE